*Carlyle v. Wild*, No. 139-2-12 Wncv (Teachout, J., July 9, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 139-2-12 Wncv** |

**ROBERT CARLYLE and SARAH CARLYLE**
    **Plaintiffs**

    **v.**

**GEORGE WILD, JR., et al.**
    **Defendant**

### ENTRY
### Mr. Zampieri's Motion for Summary Judgment

Plaintiff Robert Carlyle, a Formula Ford auto mechanic, was seriously injured at work when a truck on which he was working rolled over him. He alleges that this occurred in part due to a malfunctioning starter solenoid in the truck. Mr. Carlyle alleges that Defendants Daniel Zampieri, doing business as Dan Z's Auto Repair, and George Wild, Jr., doing business as Wild Auto Electric Shop, are liable for negligently repairing the solenoid or for installing a defective one. Mr. Zampieri has filed a summary judgment motion arguing that he cannot have liability on either theory because he neither repaired nor replaced the solenoid. Plaintiffs have neither objected nor expressly assented to Mr. Zampieri's motion. Defendant La Roche Towing & Recovery, Inc., opposes summary judgment, arguing that the facts are disputed.

There is no dispute that the truck was taken by its owner to Wild Auto Electric Shop for repair work by Mr. Wild, that Mr. Wild performed that work, and that the work included repairing or replacing the truck's starter, drive belt, and starter solenoid. Mr. Wild owns the building at which Wild Auto Electric Shop operates, and he rents space there to Mr. Zampieri, who operates Dan Z's Auto Repair. When Mr. Wild works on starters, Mr. Zampieri removes them from the vehicle for him and reinstalls them when Mr. Wild's work is finished. Mr. Zampieri apparently did so in this case. The solenoid is not part of the starter in this truck. There is no evidence that Mr. Zampieri had any involvement in Mr. Wild's work on the solenoid, much less any involvement that had any potential bearing on the injury to Mr. Carlyle.

There is no reasonably apparent basis for liability against Mr. Zampieri.

Mr. Zampieri's motion for summary judgment is *granted*.

Dated at Montpelier, Vermont this 9th day of July 2015.

_____
Mary Miles Teachout
Superior Judge